**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZELOUF INTERNATIONAL CORP. d/b/a ZELOUF FABRICS, a New York corporation CIF TEXTILES LLC, a New York limited liability company. <br><br> Plaintiffs, <br><br> v. <br><br> PREMIER BRANDS GROUP, INC., a New York corporation, KASPER GROUP, LLC, a Delaware limited liability company, MACY'S, INC., a Delaware corporation, NORDSTROM, INC., a Washington corporation, DILLARD'S, INC., a Delaware corporation, and DOES 1-10. <br><br> Defendants. | Civil Action No.: <br><br> **PLAINTIFFS' COMPLAINT FOR:** <br><br> **1.   COPYRIGHT INFRINGEMENT** <br><br> **2.   VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT** <br><br> <u>**Jury Trial Demanded**</u> |

Plaintiffs Zelouf International Corp. d/b/a Zelouf Fabrics, a New York corporation, and its affiliate, CIF Textiles LLC, a New York limited liability company (collectively "Plaintiffs"), by and through their undersigned attorneys, hereby pray to this honorable Court for relief based on the following:

## <u>JURISDICTION AND VENUE</u>

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) & (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4.      Plaintiff Zelouf International Corp. d/b/a Zelouf Fabrics ("Zelouf" or "Plaintiff") is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York.

5.      Plaintiff CIF Textiles LLC ("CIF" or "Plaintiff") is a New York Limited Liability Company organized and existing under the laws of the State of New York with its principal place of business in New York, and is an affiliate of Zelouf.

6.      Upon information and belief, Defendant Premier Brands Group, Inc. ("PBG") is a New York corporation with its principal place of business located at 350 Fifth Avenue, 9th Floor, New York, New York, 10118.

7.      Upon information and belief, Defendant Kasper Group LLC ("KG") is a Delaware limited liability company with its principal place of business located at 1412 Broadway, New York, New York 10018, and is doing business in and with the State of New York. Plaintiffs are further informed and believe that KG is a subsidiary of PBG, its parent company. and is doing business in and with the State of New York. Plaintiffs are further informed and believe that KG is a subsidiary of PBG, its parent company.

8.      Upon information and belief, Defendant Macy's Inc. ("Macy's") is a Delaware corporation with its principal place of business located at 151 West 34th Street, New York, New York 10001. Macy's owns, oversees, and/or operates the retail website at *https://www.macys.com/.*

9.      Upon information and belief, Defendant Nordstrom, Inc. ("Nordstrom") is a Washington corporation with its principal place of business located at 1617 6th Avenue, Seattle, Washington 98101, and is doing business in and with the State of New York. Nordstrom owns, oversees, and/or operates the retail website at *https://www.nordstrom.com*

10.     Upon information and belief, Defendant Dillard's, Inc. ("Dillard's") is a Delaware corporation with its principal place of business located at 1600 Cantrell Road, Little Rock,

Arkansas 7220, and is doing business in and with the State of New York. Dillard's owns, oversees, and/or operates the retail website at *https://www.dillards.com.*

11.     Upon information and belief, some of Defendants, DOES 1 through 3 ("DOES 1-3"), inclusively, are manufacturers and/or vendors of products to Defendant, which DOES 1-3 have manufactured and/or supplied and are manufacturing and/or supplying products bearing Plaintiffs' copyrighted design (as hereinafter defined) without Plaintiffs' knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of DOES 1-3, inclusively, are presently unknown to Plaintiffs, which therefore sue said Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

12.     Defendants DOES 4 through 10 ("DOES 4-10"), inclusively, are other parties not yet identified who have infringed Plaintiffs' copyrights, have contributed to infringement of Plaintiffs' copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOES 4-10, inclusively, are presently unknown to Plaintiffs, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

13.     Upon information and belief, at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## **FACTS**

14.     Plaintiffs are the owners of original two-dimensional artworks used in textile printing, entitled P3672, A0324, P2751, A0287, 13321, P2558, P3467, and P3491 (collectively, the "Subject Designs").

15.     The subset comprising A0324, A0287, P3491, and 13321 ("Registered Designs") is duly registered with the U.S. Copyright Office; the remaining designs represent color variants of these registered prints and, although not separately registered, remain independently owned by Plaintiffs.

16.     The copyrights in the Registered Designs were either registered by Plaintiffs, or duly assigned to Plaintiffs for good and valuable consideration, and at all relevant times Plaintiffs have been and continue to be the sole and exclusive owners of all right, title, and interest in and to those copyrights.

17.     Prior to the acts complained of herein, Plaintiffs sampled and sold the Subject Designs to numerous parties in the retail and apparel industries, including Defendants PBG and KG.

18.     Following Defendants PBG and KG's purchase of the Subject Designs, Defendants PBG and KG created, manufactured, distributed, offered for sale, sold, displayed, reproduced, and/or otherwise used fabric and/or garments featuring designs that are strikingly and/or substantially similar to the Subject designs without license, authorization, or consent from Plaintiffs (collectively "Accused Products").

19.     Upon information and belief, the Accused Products were further distributed, offered for sale, sold, and/or displayed by Defendants Macy's, Nordstrom, and Dillard's, in stores and on their websites.

20.     Below is a comparison of each of the Subject Designs with exemplars of Accused Products, which feature garments incorporating at least a portion of the exact same unauthorized copies of the Subject Designs:



| Subject Designs: P3467 &P2558 | Accused Products: Group 2 |
|---|---|



(P3467)

*(13221)

(P2558)



COMPLAINT

| Subject Designs: P2751 & A0287 | Accused Products: Group 4 |
|---|---|
| (P2571) | |
|  |  |
| *A0287) | |
|  |  |



21.        Plaintiffs discovered the Accused Products in or around May 2025 and had no reason to know of them prior to that time.

22.        In July 2025, Plaintiffs sent cease-and-desist letters to Defendants requesting that they cease-and-desist from their uses of the Accused products and provide Plaintiffs with information regarding those uses so the parties could explore an amicable, pre-litigation resolution. Defendants failed to meaningfully respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants)

23.    Plaintiffs repeat, reallege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

24.    Upon information and belief, Defendants, and each of them, had access to the Subject Designs including, without limitation, through (a) access to Plaintiffs' showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiffs' strike-offs and samples; and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Plaintiffs for its customers.

25.    Plaintiffs are informed and believe and thereon allege that one or more of the Defendants manufactures garments and/or is a garment vendor.

26.    Plaintiffs are further informed and believe and thereon allege that said Defendant(s) has an ongoing business relationship with Defendant retailers, Macy's, Nordstrom, Dillard's, DOES 1-3, and DOES 1-4, and each of them, and supplied garments to said retailers, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar the Subject Designs, or were illegal derivations or modifications thereof.

27.    Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, infringed Plaintiffs' copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs, and by producing, distributing and/or selling products which infringe the Subject Designs through a network of retail stores, catalogues, and through on-line websites.

28.    As a direct and proximate result of Defendants' acts of infringement, Plaintiffs have suffered substantial damages to their businesses in an amount to be established at trial.

29.     As a direct and proximate result of Defendants' acts of infringement, Plaintiffs have suffered general and special damages in an amount to be established at trial.

30.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits that Defendants would not otherwise have realized but for the Subject Infringement of the Subject Designs. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants in an amount to be established at trial.

31.     Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants)

32.     Plaintiffs repeat, reallege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33.     Upon information and belief, Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs by, *inter alia*, directing the manufacture of or selection and sourcing of materials and designs for the Infringing Products, or had agreements requiring the manufacture or sourcing of certain materials or designs, with the ability and right to supervise, direct, cancel, or otherwise modify its orders for the manufacture or purchase of the Infringing Products.

34.     Plaintiffs are informed and believe and thereon allege that Defendants had direct oversight or involvement in the sourcing of materials for and manufacture of the Infringing

Products, and thus knew, induced, caused, or materially interfered with Plaintiffs' rights as alleged herein.

35.    The true and complete extent to which Defendants were involved in a network of infringement with as of yet undiscovered Defendants and/or direct infringers will be ascertained during discovery in this action.

36.    Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

37.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement, as alleged above, Plaintiffs have suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

38.    Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiffs' rights in the Subject Designs, in an amount to be established at trial.

39.    Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, and which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

40.    Wherefore, Plaintiffs pray for judgment as follows:

### **Against All Defendants**

With Respect to Each Claim for Relief

a)  That Defendants, their agents and employees be enjoined from infringing Plaintiffs' copyrights in any manner, specifically those for the Subject Designs;

b)  That Plaintiffs be awarded all profits of Defendants plus all losses of Plaintiffs, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

c)  That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d)  That Plaintiffs be awarded attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

e)  That Defendants, and each of them, account to Plaintiffs for their profits and any damages sustained by Plaintiffs arising from the foregoing acts of infringement;

f)  That Plaintiffs be awarded pre-judgment interest as allowed by law;

g)  That Plaintiffs be awarded the costs of this action; and

h)  That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.


Plaintiffs demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 18, 2025                  By:      */s/ Scott Alan Burroughs*
                                                 Scott Alan Burroughs, Esq.
                                                 DONIGER / BURROUGHS
                                                 247 Water Street, First Floor
                                                 New York, New York 10011
                                                 (310) 590-1820
                                                 scott@donigerlawfirm.com
                                                 Attorney for Plaintiffs